Sarabjit SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40083.

United States Court of Appeals, Second Circuit.

June 28, 2005.

Sarabjit Singh, Bridgewood, NY, for Petitioner, pro se.

Angela S. Jegley, Assistant United States Attorney (H.E.(Bud) Cummins, United States Attorney for the Eastern District of Arkansas, on the brief), Little Rock, AR, for Respondent.

Present: NEWMAN, SOTOMAYOR, Circuit Judges, and CHIN,* District Judge.

* The Honorable Denny Chin, United States District Judge for the Southern District of New

Petitioner Sarabjit Singh ("Singh" or "petitioner") petitions for review of a May 23, 2003 order of the BIA denying petitioner's motion to reopen removal proceedings. Singh, a native and citizen of India, sought asylum and withholding of removal, arguing that, as a member of the Sikh religion and the All India Sikhs Student Federation, he had been tortured in India and would be subject to persecution if forced to return. We assume the parties' familiarity with the facts and procedural history of the case.

In addition to challenging the BIA's May 23, 2003 order, Singh contests the BIA's January 22, 2003 decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal on credibility grounds. Because Singh did not timely appeal this decision, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Zhao v. DOJ*, 265 F.3d 83, 89–90 (2d Cir.2001).

We review for an abuse of discretion the BIA's denial of the motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000); *see also* 8 C.F.R. § 3.2(a) (2003) (decision on motion to reconsider or to reopen committed to BIA's discretion) (recodified at 8 C.F.R. § 1003.2(a) (2005)). In his motion to reopen, Singh failed to set forth "new facts" that were "supported by affidavits or other evidentiary material" to "be proven at a hearing to be held if the motion [were] granted." 8 C.F.R § 3.2(c)(1) (2003) (recodified at 8 C.F.R. § 1003.2(c)(1) (2005)). Indeed, Singh failed to allege any new facts and merely repeated the factual claims made in his asylum application. Furthermore, of the eighteen articles submitted in support of the motion to reopen, sixteen pre-dated the BIA's January 2003 order affirming the IJ's removal order and Singh failed to

York, sitting by designation.

explain why they had been previously unavailable. The remaining two articles report on incidents of harassment of Sikhs in India; however, in the absence of any new factual allegations, these articles offered no support to his motion to reopen. The BIA's denial of the motion was therefore not an abuse of its discretion.

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.